NATALIA SOSA, Plaintiff, Intervener and Appellant, v. MANUEL SOSA ET AL., Defendants and Appellees.

No. 6194.   Argued November 17, 1933.—Decided December 7, 1933.

*Buenaventura Esteves* for appellant.   *García Méndez & García Méndez* for defendant Central Coloso, Inc.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Natalia Sosa appeals from an order approving a memorandum of costs except as to an item of $250 for attorneys' fees which was reduced to $150.   The grounds of appeal are that the district court erred in approving the memorandum and in dismissing Sosa's objection thereto; and that the order appealed from is contrary to section 327 of the Code of Civil Procedure as amended by Act No. 38, approved April

12, 1917 (Session Laws, Vol. I, p. 206), contrary to section 339 of the Code of Civil Procedure as amended by Act No. 15, approved November 19, 1917 (Session Laws, Vol. II, p. 228), contrary to sections 12, 14, and 15 of an Act to provide for the trial of the right to real and personal property, etc., approved March 14, 1907 (Comp. Stat. 1911, sections 5271, 5273, and 5274), and contrary to the evidence.

The memorandum contained an item of $6.75 as marshal's fees. The marshal testified to the attachment of a truck which Sosa subsequently claimed as his property. The contention of appellant is that the fees for making this levy were not recoverable as a part of the costs incident to the trial of Sosa's claim to the attached property. We do not find that these were the fees specified in the memorandum and allowed at the trial by the district judge. The marshal merely mentioned the attachment of the truck in the course of his narrative of the events which led up to the presentation of Sosa's claim, to the giving of a bond, to the delivery of the truck to Sosa, to the subsequent attachment of property belonging to one of the sureties, and to the redelivery of the truck by the surety. At the close of the marshal's testimony, counsel for the Central Coloso introduced in evidence another writ of attachment issued in the course of the third party proceeding (terçeria). Sosa's attorney objected to the introduction of this evidence on the ground that it had nothing to do with the truck in question. The evidence itself was not included in the statement of the case and we cannot assume with appellant that the marshal's fees allowed by the district judge were for making the first levy rather than the second.

The judgment which gave rise to the memorandum of costs was rendered January 22, 1932. A copy of the notice sent to Sosa was filed January 26. The time within which an appeal might have been taken from this judgment expired February 5. Hence, appellant argues, the time for filing a memorandum of costs expired February 15. The memoran-

dum was filed March 3. In the meanwhile, however, Sosa had filed a motion for rehearing. The district court refused to entertain this motion but at the same time amended its judgment. Notice of this amended judgment was also given and a copy of the notice was filed. No appeal was taken. The memorandum was well within the statutory period if counted from the expiration date of the time within which such an appeal might have been perfected. It may be conceded that the motion for rehearing did not affect the running of any of the periods in question but an appeal might have been taken, we think, from the judgment as amended. The district court did not err in overruling Sosa's objection that the memorandum had not been filed within the statutory period.

Section 15, *supra,* provides that if, within ten days from the rendition of judgment against the claimant, he shall return the property which had been delivered to him "in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment." Assuming for the sake of argument that the truck, when returned by one of Sosa's sureties, was in as good condition as at the time of delivery to Sosa, the fact remains that neither Sosa nor his sureties had paid for the use of the truck, either with or without the damages and costs. This disposes of the contention that the order appealed from was contrary to the evidence.

Appellant also suggests that costs, when awarded in a proceeding to determine the title to attached property claimed by a third party should not be construed to include attorneys' fees. In the absence of any satisfactory reason for making such an exception to the general rule, we can not concur in this view. Objections going to the regularity of the judgment come too late when made for the first time after the filing of a memorandum of costs based on that judgment.

The order appealed from must be affirmed.